## Borough of Mountville v. Miller

*Appel, Ranck, Levy & Appel,* for plaintiff.
*Brown & Zimmerman,* for defendant.

WISSLER, P. J., April 6, 1956.—This matter is before the court on preliminary objections filed by defendant to plaintiff's bill of complaint. Defendant has filed preliminary objection to the bill of complaint by way of a demurrer.

On February 20, 1956, a stipulation was filed by counsel for both plaintiff and defendant whereby it was agreed that the matters as set forth in the stipulation were to be used as the facts under which the case is to be decided. The stipulation is as follows:

"(1) The plaintiff is the Borough of Mountville, a municipal corporation located in Lancaster County, Pennsylvania. (2) The defendant is Maude Miller, an individual residing in the said Borough of Mountville, Lancaster County, Pennsylvania. (3) The defendant presently owns and occupies a tract of land on East Main Street within the Borough limits of the plaintiff Borough. (4) On May 3, 1948, the said Borough of Mountville duly enacted and ordained Ordinance No. 27 regulating the construction, alteration, repair and

578

maintenance of buildings within the limits of said Borough; and on March 3, 1953, said Ordinance No. 27 was duly amended by enacting and ordaining Ordinance No. 36, which provides as follows:

"Section 6(a). No buildings or portable building shall be moved into the said Borough or from one place in the Borough to another unless the construction of said building shall conform with the provisions of this ordinance. (b) No individual, firm, corporation or association shall erect, construct, place or maintain or permit the erection, construction, placing or maintaining of a trailer camp on land, whether privately or publicly owned, within the Borough limits. (c) No individual, firm, corporation or association shall erect, construct, place or maintain or permit the erection, construction, placing or maintaining of a house trailer upon any land, whether privately or publicly owned, within the Borough limits. A 'house trailer' means any vehicle for living and sleeping purposes, whether resting on wheels or supported from the ground by any other means whatsoever.

"(5) The defendant, on or about October 6, 1955, placed or caused to be placed upon the said land owned and occupied by her within the limits of the plaintiff Borough, a house trailer as defined in said Ordinance. (6) The said trailer is being used for living quarters by the defendant. (7) On October 4, 1955, the plaintiff filed a Bill in Equity to have the defendant remove her said trailer from the Borough limits. (8) On October 14, 1955, the defendant filed Preliminary Objections to the said Bill in Equity. (9) On October 24, 1955, pictures were taken by Long and York Studios, 142 East King Street, Lancaster, Pennsylvania, of the defendant's trailer and the surrounding area. These pictures are attached hereto, made a part hereof and described as follows: 'Exhibit A'—taken of the trailer from the parking lot in front of the restaurant owned

and operated by the defendant. 'Exhibit B'—taken from East Main Street, Mountville, Lancaster County, Pennsylvania, also known as the Lincoln Highway, showing the position of the defendant's trailer to the left and behind the defendant's said restaurant. 'Exhibit C'—taken on East Main Street, Mountville, Lancaster County, Pennsylvania, also known as the Lincoln Highway, looking east towards the City of Lancaster. The trailer is located to the right of the center of the picture. 'Exhibit D'—taken from East Main Street, Mountville, Lancaster County, Pennsylvania, also known as the Lincoln Highway, looking West into the Borough of Mountville. The trailer is located to the left center of the picture behind the Sunoco Service Station.

"(10) The said trailer is located on the South side of East Main Street, Lancaster County, Pennsylvania, also known as the Lincoln Highway and U. S. Route No. 30, and is set back approximately seventy-five (75) feet from the said street or highway. (11) The said trailer is constructed of metal products and material. (12) The said trailer is connected with the Borough water system. (13) The said Borough has no sewerage system; and the said trailer is equipped with a septic tank. (14) A miniature golf course, other restaurants and other service stations are all located in the immediate area in which the trailer is located."

Defendant by her demurrer raises the insufficiency of plaintiff's complaint both in law and in equity by the following reasons: "(1) Borough Ordinance No. 36, enacted and ordained March 3, 1953, amending Ordinance No. 27, enacted and ordained May 3, 1948, Section '6c,' is not within the power granted to the plaintiff by the Pennsylvania legislature in that the said Ordinance is not necessary for the preservation of public health, safety, morals or general welfare and

is unjustly discriminatory, or arbitrary, or unreasonable, or confiscatory in its application to the defendant; and (2) the said Ordinance is unconstitutional in its application to the defendant in that it violates the liberties, rights and privileges guaranteeed to the defendant by the Constitution of the United States and the Constitution of Pennsylvania."

The question raised by the bill of complaint, demurrer and stipulated facts are: (1) Is the ordinance necessary for the preservation of public health or general welfare and unjustly discriminatory, or arbitrary, or arbitrary in its application to defendant; and (2) is the ordinance as it applies to defendant unconstitutional in that it violates the liberties and privileges guaranteed to defendant by the United States and Pennsylvania Constitutions.

It is the contention of plaintiff that the ordinance as adopted was passed solely to promote the welfare of the borough, which it had the right to do under its general power given it by The General Borough Act of May 4, 1927, P. L. 519, section 1202, and its amendments, 53 PS §13366, which provides as follows: "To make and adopt all such ordinances, by-laws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth, as may be expedient or necessary for the proper management, care and control of the borough and its finances, and the maintenance of peace, good government, safety and welfare of the borough and its trade, commerce and manufactures."

Plaintiff further contends that since the ordinance was enacted several years before defendant placed the trailer upon her lot she did it with full knowledge of the existence of the ordinance. Consequently the action of the borough cannot be held to be arbitrary or capricious. It should be noted that section 6(b) of said ordinance is specifically aimed at the construction or

maintenance of trailer camps on land whether privately or publicly owned within the borough limits and is not involved or questioned in the present matter before the court. The matter involved is section 6(c) of the ordinance which prohibits the construction or the maintenance of a house trailer on any land whether privately or publicly owned and defines a "house trailer" to mean any vehicle for living and sleeping purposes whether resting on wheels or supported from the ground by any other means whatsoever. This section of the ordinance arbitrarily and absolutely prohibits the construction, placing or maintaining of a house trailer on any land privately or publicly owned within the limits of the borough.

According to the stipulated facts defendant's trailer is located on East Main Street in the Borough of Mountville, on the U. S. route 30 and sets back from the said highway approximately 75 feet. It is connected with the borough water system. Plaintiff borough has no sewerage system and the trailer is equipped with a septic tank. A miniature golf course, restaurants and service stations are all located within the immediate area in which the trailer is located. According to the photographs the trailer in question is surrounded by trees with landscaping and apparently in no way interferes with the preservation of the public health, safety, morals or general welfare of the community. An ordinance which attempts to prohibit the placing or maintaining of a trailer on one's own land nothwithstanding that the health, morals and safety of the community are not, as in the instant case, affected thereby is an arbitrary and unreasonable exercise of the general powers of the borough.

It is well settled law that an owner of property is still entitled in Pennsylvania to certain inalienable constitutional rights of liberty and property and has the right to use his own home in any way he desires

provided he does not violate any provision of the Federal or State Constitutions, create a nuisance or violate any zoning or police regulations which are constitutional: Medinger Appeal, 377 Pa. 217. In White's Appeal, 287 Pa. 259, the court said at page 265: ". . . all property is held in subordination to the right of its reasonable regulation by the government clearly necessary to preserve the health, safety or morals of the people."

In Medinger Appeal, supra, Mr. Justice Bell at page 222 of the opinion said: "There is one matter that is quite certain, the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety and general welfare. The exercise must have a substantial relation to the public good within the spheres held proper." The limitation of the use of one's own property must be reasonably based on public health, morals and safety and not merely on artistic or aesthetic considerations: Lord Appeal, 368 Pa. 121; Miller v. Seaman, 137 Pa. Superior Ct. 24.

The court feels that the ordinance prohibiting defendant's use of her trailer is not necessary for the preservation of the health, safety and general welfare of the community nor does it offend any artistic or aesthetic sense and hereby declares section 6(c) of Ordinance No. 36 of the Borough of Mountville to be unconstitutional, invalid and void as an arbitrary exercise of the police power. This opinion is limited only to section 6(c) of said ordinance and the facts involved, and is not to be construed as expressing a view on any other section or sections of the ordinance referring to trailer camps.

And now, April 6, 1956, the court sustains defendant's preliminary objections and dismisses plaintiff's bill of complaint.